The subject embraced in the special charge refused, of which complaint is made in bill of exception No. 8, appears to have been fully covered in the main charge.

There is found in the record nine typewritten pages consisting of objections to the charge. We have been much confused in considering them, and are led to believe that if there existed at any time ground for many of the objections the court must have corrected and re-arranged his charge in many particulars. Where objections are urged to a designated paragraph of the charge, it is found that in the charge before us the particular paragraph mentioned relates to a wholly different topic than that referred to in the objection. The fifth ground of objection says the charge wholly fails to embrace any instruction regarding the presumption arising from the use of a deadly weapon by deceased. We find that paragraph 19 of the charge covers the subject in proper and comprehensive language, showing that, if omitted originally, the court included it upon having his attention directed to the omission.

Failing to discover in the record any errors upon which a reversal could be predicated, the judgment is affirmed.

## WHITE v. STATE.
### No. 16109.

Court of Criminal Appeals of Texas.
June 14, 1933.

Willard McLaughlin, of Waco, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is robbery; the punishment, confinement in the penitentiary for five years.

The record is before us without a statement of facts or bills of exception. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.